# FEBRUARY, 1924.

LEVI HARRISON v. THE STATE.

No. 8345. Decided February 6, 1924.

1.—Embezzlement—Bills of Exception.

Where the bills of exception are not filed within time, they cannot be considered on appeal.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of embezzlement, the evidence is sufficient to sustain the conviction, there is no reversible error.

Appeal from the Criminal District Court of Travis. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—On question of filing bills of exception: Keck v. State, 248 S. W. Rep., 1074; Palmer v. State, 245 id., 238.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis County of embezzlement, and his punishment fixed at two years in the penitentiary.

There are three bills of exception in the record, none of which can be considered by us because not filed in time. From the record it appears that appellant's motion for new trial was overruled on August 3, 1923, and in the order overruling same appellant is granted eighty days from that date in which to file statement of facts and bills of exception. There appears no order extending the time for such filing. The three bills of exception were filed on October 30th. A slight computation makes plain the fact that this was eighty-eight days after the order overruling the motion for new trial. The statement of facts was filed within the ninety days allowed by statute.

We have carefully examined the statement of facts and are of opinion that same presents sufficient testimony to support the conclusion of guilt. Appellant was a sub-tenant upon a farm belonging to Mr. Red and undertook for and on behalf of Mr. Red to gather certain cotton upon part of said farm which had been worked and planted by a Mr. Peterson. Appellant accounted to Mr. Red for a certain number of bales of cotton as being those picked upon the land farmed by Peterson, but gave no account of any bale of cotton ginned at the Elroy gin on October 14th. The testimony showed that about this time appellant was picking cotton on the land farmed by Mr. Peterson and that Mr. Red observing from frequent visits to the farm that cotton was being picked on said land for which no account was given. It is also shown that on the 14th of October appellant had a bale of cotton ginned at the Elroy gin and that the probable value of it was considerably more than fifty dollars. Appellant did not testify nor make any explanation of the fact stated and others of a strongly criminative nature. The court gave the law of misdemeanor embezzlement.

No error appearing, the judgment will be affirmed.

*Affirmed.*